UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD "CHIP" CASSIDY, ) | CASE NO.   3:07CV2194 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | |
| ) | |
| WEST MARINE PRODUCTS, INC., ) | **ORDER OF REMAND** |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J**.:

     This matter comes before the Court upon Plaintiff's Motion to Remand (ECF DKT #6).  For the following reasons, and re-affirming the Opinion and Order, dated June 21, 2007, and entered at ECF DKT #38 of Case No. 1:05CV2223, the Motion to Remand is granted and the captioned case is returned to the Erie County Court of Common Pleas.

**I. FACTUAL BACKGROUND**

     On August 8, 2005, an action was instituted in the Erie County Court of Common Pleas, entitled *Donald "Chip" Cassidy v. West Marine Products, Inc*., No. 2005-CV-564.  On September 21, 2005, West Marine removed the action to the United States Court for the Northern District of Ohio, where it was designated as Case No. 1:05CV2223 and assigned to

this Court's docket. Thereafter, in an opinion, dated June 21, 2007, this Court considered both parties' arguments and evidence on the issues of liability and damages, and determined that diversity jurisdiction under U.S.C. § 1332(a) does not exist. Consequently, the action was remanded to the Erie County Court of Common Pleas; and the remand was acknowledged by the state court on June 26, 2007.

On July 20, 2007, West Marine submitted its second Notice of Removal on the same case to the United States District Court for the Northern District of Ohio, where it was designated as Case No. 3:07CV2194 and assigned to the Honorable Jack Zouhary. This Court accepted transfer of the case when the foregoing procedural history came to light.

## II. LAW AND ANALYSIS

**Subject Matter Jurisdiction**

The above-captioned case was removed to federal court on September 21, 2005, and again on July 20, 2007, on the basis of diversity jurisdiction. District courts have original jurisdiction over civil actions between individuals of different states in which the amount in controversy exceeds $75, 000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1447(c), cases originally filed in state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Curry v. U.S. bulk Transport, Inc.,* 462 F. 3d 536, 541 (6th Cir. 2006).

**Remand and Subsequent Removal of *Cassidy v. West Marine Products, Inc.* Action**

Upon careful consideration of the parties' motions for summary judgment in Case No. 1:05CV2223, this Court determined the amount in controversy did not meet the threshold

monetary jurisdiction amount; and therefore, ruled subject matter jurisdiction was lacking. Consequently, this Court was compelled to remand the matter to state court.

The Plaintiff's Complaint in the captioned case is identical to the pleading in the previously remanded action.  In fact, West Marine attaches Plaintiff's original 2005 Complaint as an exhibit to its Notice of Removal.  Nothing with regard to parties, claims or damages has changed since the Court first addressed the matters brought before it.

In its Notice of Removal (ECF DKT #1, paragraph #17), West Marine recites as follows: "After the remand, discussions with Plaintiff's counsel reveal that Plaintiff (notwithstanding the specific findings which led to the remand order) intends to pursue all of the legal and equitable relief alleged in the Complaint in the proceedings before the Ohio State Court."  First, West Marine has not shown why it would not have the theories of collateral estoppel, res judicata, issue preclusion or law of the case available in its defense in the state forum.  Second, this Court notes that conversations among counsel concerning claims to be pursued in state court are irrelevant to an analysis of federal subject matter jurisdiction.

Furthermore, West Marine has not established that its Notice of Removal is timely.  A notice of removal must be filed within thirty days after the defendant is served with the initial pleading setting forth the cause of action.  28 U.S.C. § 1446(b).  Since there has been no amendment of the original Complaint; since West Marine points out Plaintiff intends to pursue the identical relief he first sought; and since West Marine answered the Complaint in November of 2005, the instant Notice of Removal is clearly filed outside the statutory limitations period.

**Sanctions**

The Court has determined, *sua sponte*, that sanctions in the form of attorney's fees are warranted against counsel for Defendant West Marine Products, Inc. for frivolous conduct in removing a case after the Court properly found it should be remanded. In addition to other sanctions contemplated by the Court on its behalf, Plaintiff shall submit, within seven days of this Order, a detailed statement of attorney's fees for the time spent in relation to the second Notice of Removal. Defendant shall respond to Plaintiff's submission, on the issue of the reasonableness of the fees, within five days thereafter.

### III. CONCLUSION

For the reasons set forth, Plaintiff's Motion to Remand is granted. The captioned action is remanded to the Erie County Court of Common Pleas. This Court retains jurisdiction solely for consideration of sanctions associated with these removal proceedings.

**IT IS SO ORDERED.**

**DATE: August 3, 2007**

                                        s/Christopher A. Boyko
                                       **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**